# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**URS ENERGY AND CONSTRUCTION,**
**Employer Below, Petitioner**

**vs.)    No. 17-0063** (BOR Appeal No. 2051369)
(Claim No. 2015034124)

**JODY MCCARTNEY,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner URS Energy and Construction, by Jeffrey B. Brannon, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.[1]

The issue on appeal is whether the injuries suffered by Mr. McCartney on February 2, 2015, are compensable. On August 20, 2015, the claims administrator issued an Order rejecting the claim and determined that Mr. McCartney did not suffer a compensable work injury. On May 27, 2016, the Workers' Compensation Office of Judges affirmed the claims administrator's rejection of the claim on the basis that it was not timely filed and on the basis that the claimant did not establish that he sustained a work-related injury on February 2, 2015. This appeal arises from the Board of Review's Final Order dated December 26, 2016, in which the Board reversed and vacated the May 27, 2016, Order of the Office of Judges. The Board found that the claim was timely filed and remanded the case to the Office of Judges with instructions to consider additional evidence and issue a ruling on the merits of the compensability claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] Mr. McCartney was represented by counsel during litigation, but not on appeal before this Court.

1

Mr. McCartney alleges that he suffered injuries while working for URS Energy and Construction, when he slipped and fell on untreated ice on February 2, 2015. At the time of his injury, he sought treatment at Preston Healthcare Services. Prior to his injury, Mr. McCartney underwent x-rays on his right wrist on February 1, 2015, which showed no acute bony abnormalities.

Mr. McCartney was seen by Nick Zervos, M.D., on April 14, 2015. In his office note, Dr. Zervos referenced an injury to Mr. McCartney's right shoulder and wrist when he fell on black ice in February. He also noted that Mr. McCartney had a recent MRI of both areas and x-rays showed a right scapholunate ligament rupture and a right shoulder spinatus partial thickness tear with posterior labral cyst off the labral tear. Dr. Zervos conducted shoulder surgery on April 22, 2015.

On June 29, 2015, the claims administrator issued a Deferred Compensability Decision and explained, "After a review of your accident report we cannot determine your claim to be compensable until receipt of full medical records from the treating physicians and facilities are obtained. Once evidence is submitted a review for compensability can be made. If no evidence is received within 60 days your claim will be denied." In response to the claims administrator's decision, Mr. McCartney returned a signed medical release authorization form.

By Order dated August 20, 2015, the claims administrator denied Mr. McCartney's application for benefits and determined there was no evidence that the alleged injuries had been sustained in the course of and resulting from his employment. Mr. McCartney protested the claims administrator's decision.

On May 27, 2016, the Office of Judges affirmed the claims administrator's Order, which denied the claim for two reasons. The Office of Judges found that Mr. McCartney failed to establish that he sustained an injury in the course of and as a result from his employment. The Office of Judges also concluded that the claim was barred by the applicable statute of limitations because an Employees and Physicians Report Form (WC-1) had not been filed by Mr. McCartney. The Office of Judges concluded that the evidence of record does not sufficiently show that Mr. McCartney's medical conditions originated from an injury that occurred on February 2, 2015. Mr. McCartney appealed to the Board of Review.

In a letter dated September 21, 2016, the Board of Review notified Mr. McCartney that the Board was unable to accept new evidence except in support of a Motion to Remand. Mr. McCartney had submitted a September 15, 2016, report from Robin Goodwin, FNP-BC, of Preston Healthcare Services. Because the Board can only accept new evidence in support of a motion to remand, the Board considered Mr. McCartney's new evidence as a Motion to Remand the claim to the Office of Judges for the submission of additional evidence.

On December 22, 2016, the Board of Review reversed the Decision of the Office of Judges and found that Mr. McCartney's claim was timely filed. The Board remanded the claim with instructions to consider additional evidence and issue a ruling on the merits of the compensability of the claim. The Office of Judges was specifically instructed to issue a new time

frame order to allow additional evidence and consider the September 15, 2016, report from Preston Healthcare Services.

In her September 16, 2016, report, Ms. Goodwin confirmed that Mr. McCartney was seen by Preston Healthcare Services in February of 2015, for an injury that occurred at work. Ms. Goodwin explained that the provider that saw Mr. McCartney for his initial visit did not document that it was a workers' compensation claim. The report documents that Mr. McCartney had slipped and fallen on company property on ice while carrying an arm load of supplies on February 2, 2015. Given the submission of Mr. McCartney's new evidence, which was accepted by the Board of Review in consideration of a motion to remand, we agree with the decision of the Board of Review. From the beginning of the claim, Mr. McCartney has asserted that he suffered an injury on a work-related basis on February 2, 2015, and sought medical treatment for his injuries. The Board of Review did not err in remanding the claim for a full and complete development of the facts in this case.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3